UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

                Plaintiff,

    v.

MASON COUNTY, et al.,

                Defendants.

Case No. C23-5435-JLR-SKV

REPORT AND RECOMMENDATION

        Plaintiff Brandon Rubio, proceeding pro se and *in forma pauperis* (IFP), submitted a proposed 42 U.S.C. § 1983 civil rights complaint. Dkt. 7. At the time of filing, Plaintiff was being held as a pretrial detainee at the Mason County Jail. *See* Dkt. 5-1 & Dkt. 7. He subsequently informed the Court that he was no longer in the custody of the jail and was participating in an inpatient treatment program "via furlough." Dkt. 5-2.

        On June 28, 2023, the Court issued an Order Declining Service and Granting Leave to Amend. Dkt. 8. The Court's Order outlined a number of deficiencies in the proposed complaint and declined to serve the complaint or to direct that an answer be filed. The Court granted Plaintiff leave to amend his complaint, if possible, to correct the identified deficiencies. The Court advised that, if Plaintiff failed to file an amended complaint within thirty days of the

REPORT AND RECOMMENDATION - 1

Court's Order, or if an amended complaint failed to correct identified deficiencies, the Court may recommend that this matter be dismissed.

On July 10, 2023, two Orders issued by the Court, including an Order granting Plaintiff leave to proceed IFP and the Order Declining Service and Granting Leave to Amend, were returned to the Court as undeliverable. Dkt. 9. On the following day, the Court re-sent both Orders to Plaintiff's original address at the Mason County Jail. *See* July 11, 2023 docket entry. On July 19, 2023, the Court received a letter from the Mason County Sheriff's Office stating that Plaintiff was not in Mason County Jail and was "currently listed as absconded in warrant status." Dkt. 10. The re-sent Orders were also returned to the Court as undeliverable. Dkt. 11.

Pursuant to Local Civil Rule 41(b)(2), Plaintiff is required to keep the Court and opposing parties advised as to his current address. "If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute." Local Civil Rule 41(b)(2).

In this case, more than sixty days have elapsed since the Court's Orders to Plaintiff were returned by the Post Office as undeliverable on July 10, 2023. Given this fact, and given Plaintiff's failure to keep the Court and Defendants apprised of his current mailing address, the Court recommends dismissal of this action without prejudice for failure to prosecute. A proposed Order accompanies this Report and Recommendation.[1]

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

---

[1] The Court directs the Clerk's Office to mail this Report and Recommendation to both of the addresses on record for Plaintiff.

REPORT AND RECOMMENDATION - 2

and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 6, 2023**.

Dated this 11th day of September, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge