UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

           Plaintiff,

   v.

MASON COUNTY, et al.,

           Defendants.

Case No. C23-5435-JLR-SKV

ORDER RE: DISCOVERY AND COUNSEL

      Plaintiff proceeds pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action relating to his confinement at Mason County Jail. In a recent filing, Plaintiff submitted a Subpoena to Produce Documents and raised questions about obtaining discovery and counsel. Dkt. 17. Having considered the filing, the Court herein advises and finds as follows:

      (1)    Plaintiff indicates he is attempting to obtain documents relevant to this matter and submits a Subpoena to Produce Documents addressed to staff at the Mason County Jail. Plaintiff is advised that, in general, discovery should be conducted between the parties and a party should not seek judicial intervention unless the parties reach a disagreement they cannot resolve on their own. *See also* Fed. R. Civ. P. 37(a)(1) (motion to compel discovery must include a certification that the movant conferred with opposing counsel or made a good faith effort to do so) and Local

Civil Rule 37(a)(1) (good faith effort to confer requires a face-to-face meeting or telephone conference). Plaintiff is further advised that, at this juncture, no Defendant has been served and/or appeared in this matter, and a determination as to whether the Court will direct service is awaiting Plaintiff's submission of an amended complaint and the Court's assessment of a proposed amended pleading. *See* Dkts. 8 & 15.

(2) Plaintiff requests an "appointment of counsel form", states that an attorney has agreed to represent him, and asks what steps he must take to allow for that representation. Plaintiff is advised that, if an attorney has agreed to represent him, the attorney may file a Notice of Appearance on Plaintiff's behalf. Plaintiff is further advised that, while a plaintiff who has not secured counsel may file a motion requesting the appointment of counsel, there is no right to have counsel appointed in cases brought under § 1983. Further, although the Court can request counsel to represent a party proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1), it may do so only upon a showing of exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (a finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the individual to articulate his claims pro se in light of the complexity of the legal issues involved).

(3) Finally, with consideration of the above, the Court herein directs the Clerk to send to Plaintiff a blank copy of a civil rights complaint form, copies of the Court's Prisoner Litigation Manual and Pro Se Guide to Filing Your Lawsuit in Federal Court, and a copy of this Order.

Dated this 5th day of October, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: DISCOVERY AND COUNSEL - 2