UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

           Plaintiff,

   v.

MASON COUNTY, et al.,

           Defendants.

Case No. C23-5435-JLR-SKV

ORDER TO SHOW CAUSE AND PROVIDE INFORMATION

Plaintiff Brandon Rubio proceeds pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Plaintiff's claims relate to his confinement at Mason County Jail and Nisqually Corrections Center, and he names as Defendants Mason County and individuals identified as employees of Mason County Jail, "Mason County Jail/Health & Delivery Services", and Nisqually Corrections Center. *See* Dkt. 20.

On November 14, 2023, the Court ordered service on all Defendants named in Plaintiff's Amended Complaint. Dkts. 21 & 22. The Order for service on the individual Defendants explained that they had thirty days within which to return a waiver of service of summons, and sixty days after the return of a signed waiver to serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Dkt. 21. The Order advised that a Defendant who failed to timely return the signed waiver would be personally served with a

summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2). *Id.* The Order for service on Mason County directed the service of an answer or Rule 12 motion within twenty-one days of the Order. Dkt. 22.

On November 30, 2023, Plaintiff filed a document that the Court construed as a Motion for a Preliminary Injunction. *See* Dkt. 29. The Court, by Order dated December 4, 2023, directed Defendants to file and serve a response to that motion on or before January 8, 2024. Dkt. 30. Shortly thereafter, counsel appeared and filed an Answer on behalf of the "Mason County Defendants", identified as including named Defendants Mason County, Paula Blush, Angela Brown, Kevin Hanson, Randy Newell, Andrew Ostergard, Tonia Reed, and Lieutenant Schoenberg. Dkts. 31 & 32.

The Court has not, on the other hand, received waivers of service of summons, notices of appearance, answers, or a service order returned as undeliverable from any other named Defendant. Those Defendants include individuals falling into two categories: (1) David Guidry, Shannon Slack, Dianne Houldon, Julie Rice, Jennifer Saucier, and Nurse Bre, each of whom Plaintiff identified as either a Mason County Jail or a Mason County Jail/Health & Delivery Services employee (hereinafter "Mason County Jail medical employees"); and (2) Nisqually Corrections Center employees Cpl. Freeman and Nurse Lisa (hereinafter "Nisqually Corrections Center employees"). Nor has the Court received, from any Defendant, a response to Plaintiff's Motion for a Preliminary Injunction.

The Court, considering the above, now ORDERS as follows:

(1) Mason County Defendants shall SHOW CAUSE within **fourteen (14) days** of the date of this Order why a response to the Motion for a Preliminary Injunction was not filed as of the January 8, 2024 deadline.

(2)     Because none of the Mason County Jail medical employees or Nisqually Corrections Center employees submitted waivers of service of summons, due on or before December 14, 2023, *see* Dkt. 21, the Court may direct personal service and those individuals may have the cost of personal service assessed against them. *See supra* at 1-2.  However, the Court finds it prudent to first direct as follows:

>   (a)     Within **fourteen (14) days** of the date of this Order, counsel for Mason County Defendants shall provide clarification regarding any employment relationship between the Mason County Jail medical employees and Mason County, including any pertinent information regarding the roles these individuals play in providing medical services at Mason County Jail,[1] and any information that will allow the Court to resolve questions associated with service and any legal representation for these individuals; and

>   (b)     Within **fourteen (14) days** of the date of this Order, the Nisqually Prosecuting Attorney shall advise the Court as to any pertinent information that will allow the Court to resolve questions associated with service, any legal representation for, and any other helpful information relating to the Nisqually Corrections Center employees.

---

[1] Plaintiff initially sought to name "Health & Delivery Services", a "contracted medical company", as a defendant, Dkt. 5-1 at 5, but omitted that entity from the Amended Complaint after the Court noted Plaintiff's failure to provide sufficient information for the Court to understand either the status of this entity or any claims raised against it, *see* Dkt. 8 at 4-5. The Court advised, for example, that while a private entity may be held liable under § 1983, a plaintiff must show: (1) the private entity acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of the entity. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). Because Plaintiff observes that the Mason County Jail medical employees are employed by either Mason County Jail or Mason County Jail/Health & Delivery Services, the Court seeks assistance from Mason County in supplying any relevant information regarding the Mason County Jail medical employees.

ORDER TO SHOW CAUSE AND PROVIDE
INFORMATION - 3

(3) The Clerk is directed to send copies of this Order to counsel for the Mason County Defendants, to the Mason County Prosecutors Office, and to the Nisqually Prosecuting Attorney. The Clerk shall also direct a copy of this Order to the Honorable James L. Robart.

Dated this 12th day of January, 2024.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge