UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

            Plaintiff,

  v.

MASON COUNTY, et al.,

            Defendants.

Case No. C23-5435-JLR-SKV

ORDER RE: MOTION TO APPOINT COUNSEL AND DISCOVERY REQUEST

      Plaintiff proceeds pro se and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 civil rights action relating to his confinement at Mason County Jail (MCJ) and Nisqually Corrections Center (NCC). Plaintiff filed a Motion for Appointment of Counsel, Dkt. 35, and a Second Request for Production of Documents, Dkt. 36. Having now considered these filings, the Court finds as follows:

      (1)    There is no right to have counsel appointed in cases brought under § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding IFP, it may do so only upon a showing of exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the

individual to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id*.

Plaintiff filed the pending Motion for Appointment of Counsel two weeks after the Court issued an Order denying two prior motions seeking the appointment of counsel. *See* Dkts. 24, 27, 34-35. As in the prior motions, Plaintiff asserts his belief that his claims are complex and meritorious, states that his imprisonment will greatly limit his ability to litigate, notes that he has limited access to the law library and limited knowledge of the law, and describes his extensive, but unsuccessful efforts to obtain counsel. *See* Dkt. 35. Plaintiff also asserts that the United States Attorney's Office has initiated an investigation into his claim of violations of the Americans With Disabilities Act and that that investigation demonstrates the meritorious nature of his allegations in the current matter. *Id*.

The Court, however, continues to find that the record in this case is not sufficiently developed enough for the Court to make a determination as to either the likelihood of success on the merits or Plaintiff's ability to articulate his claims pro se. For example, and as discussed in a recent Order, only some of the individuals named as Defendants in this matter have appeared and the Court is awaiting information that will allow it to resolve questions associated with other individuals' employment status, service on those individuals, and any legal representation they may have. Dkt. 38. The Court is also awaiting the completion of briefing on Plaintiff's pending motion seeking preliminary injunctive relief. *See id*. Based on the information available at this juncture, the Court again concludes Plaintiff has not demonstrated his case involves exceptional circumstances warranting the appointment of counsel. Plaintiff's Motion for Appointment of Counsel, Dkt. 35, is therefore DENIED. The denial is without prejudice to renewal of the

request at a later date.  Plaintiff is, however, directed to refrain from renewing his request for the appointment of counsel until this matter is sufficiently developed.

(2)     Plaintiff also filed a Second Request for Production of Documents.  Dkt. 36.  He describes the records he is seeking from MCJ and NCC.  *Id*.  He asserts his good faith effort to obtain this discovery and, in support, provides a letter directed to an MCJ employee and discussing his attempt to obtain records from MCJ employees, as well as an exception to a rule requiring that he pay for copies of such records.  *Id*.  He asks for the Court's intervention given his good faith efforts to obtain discovery under Federal Rule of Civil Procedure 37(a)(1).  *Id*.

The Court has, on two prior occasions, addressed Plaintiff's requests for assistance in relation to discovery, Dkts. 18 & 30, and herein again advises Plaintiff as to the relevant rules.  In general, discovery should be conducted between the parties and a party should not seek judicial intervention unless the parties reach a disagreement they cannot resolve on their own.  The Court will not hear a motion to compel discovery until the moving party has met and conferred with opposing counsel or made a good faith effort to do so.  Fed. R. Civ. P. 37(a)(1); Local Civil Rule (LCR) 37(a)(1).  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  "The certification must list the date, manner, and participants to the conference."  LCR 37(a)(1).  A good faith effort to confer requires a face-to-face meeting or telephone conference.  *Id*.

The Court also advises Plaintiff of his obligations in relation to discovery as a party proceeding pro se and IFP.  Pro se litigants remain bound by the rules of procedure.  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).  Also, while the IFP statute waives the filing fee for an indigent prisoner's civil

1  rights complaint, *see* 28 U.S.C. § 1915, it does not require the financing of the entire action or
2  waiver of fees or expenses for discovery.  The party requesting discovery bears the burden of the
3  costs for that discovery.  *See Lewis v. Casey*, 518 U.S. 343, 384 (1996) (an inmate's
4  constitutional right of access to the courts does not impose "an affirmative obligation on the
5  states to finance and support prisoner litigation"); *Matthews v. Puckett*, No. 15-17484, 2016 WL
6  6872933, at * 1 (9th Cir. Nov. 22, 2016) (pro se state prisoner proceeding IFP "must bear his
7  own discovery costs"); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (expenditure of
8  public funds on indigent litigants' discovery fees not authorized by Congress).

9  Plaintiff here shows that he requested MCJ provide him with documentation and waive
10 fees associated with producing that documentation.  He does not show he made any attempt to
11 engage with counsel for represented Defendants in relation to discovery.  *See* Dkt. 36.
12 Moreover, because there are a number of Defendants who have yet to appear in this matter, at
13 least some of Plaintiff's discovery-related requests are premature.  The Court, for these reasons,
14 DENIES the requests for relief contained in Plaintiff's Second Request for Production of
15 Documents. Dkt. 36.  The Court further advises Plaintiff to properly engage in discovery with
16 counsel for Defendants before seeking assistance from the Court.

17 (3) The Court, finally, takes this opportunity to address Plaintiff's request for a copy
18 of his Amended Complaint.  Dkt. 23.  The Clerk's Office is directed to satisfy this request by
19 sending Plaintiff a copy of his Amended Complaint, Dkt. 20.[1]

20 (4) The Clerk is also directed to send copies of this Order to the parties and to the
21 / / /
22
23

---

[1] It appears that the Clerk's Office satisfied an earlier-filed request for a copy of the original proposed complaint, *see* docket entry dated October 5, 2023, but there is no indication of whether Plaintiff was sent a copy of his Amended Complaint.

ORDER RE: MOTION TO APPOINT COUNSEL
AND DISCOVERY REQUEST - 4

1  Honorable James L. Robart.

2  Dated this 18th day of January, 2024.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: MOTION TO APPOINT COUNSEL
AND DISCOVERY REQUEST - 5