1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

BRANDON J. RUBIO,

8
                            Plaintiff,

9
        v.

10
MASON COUNTY, et al.,

11
                            Defendants.

12

Case No. C23-5435-JLR-SKV

SECOND ORDER DIRECTING
SERVICE OF CIVIL RIGHTS
COMPLAINT

13      Plaintiff proceeds pro se and *in forma pauperis* in this civil rights action brought pursuant

14  to 42 U.S.C. § 1983.  In a previous Order Directing Service, the Court identified Defendants

15  David Guidry, Shannon Slack, Dianne Houldon, Julie Rice, Jennifer Saucier, and Nurse Bre Doe

16  as employees of Mason County Jail.  Dkt. 21.  Defendant Mason County subsequently informed

17  the Court that these Defendants are employed by Healthcare Delivery Systems, the

18  independently-contracted healthcare provider for Mason County Jail.  *See* Dkt. 42 at 5

19  (https://healthcaredeliveryinc.com).  The Court therefore now ORDERS as follows:

20      (1)    Service by Clerk

21      The Clerk is directed to send the following to Healthcare Delivery Systems Defendants

22  David Guidry, Shannon Slack, Dianne Houldon, Julie Rice, Jennifer Saucier, and Nurse Bre

23  Doe:  a copy of Plaintiff's Amended Complaint, Dkt. 20, a copy of this Order, two copies of the

notice of lawsuit and request for waiver of service of summons, a waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

       (2)    <u>Response Required</u>

       Defendants shall have **thirty (30) days** within which to return the enclosed waiver of service of summons.  A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

       A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.  A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **twenty-one (21) days** after service.

       (3)    <u>Filing and Service by Parties, Generally</u>

       All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk.  All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

       For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as

SECOND ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 2

1    necessary) shall be delivered to the Clerk's Office for chambers.  The chambers copy must be

2    clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

3            Any document filed with the Court must be accompanied by proof that it has been served

4    upon all parties that have entered a notice of appearance in the underlying matter.

5            (4)      Motions, Generally

6            Any request for court action shall be set forth in a motion, properly filed and served.

7    Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a

8    part of the motion itself and not in a separate document.  The motion shall include in its caption

9    (immediately below the title of the motion) a designation of the date the motion is to be noted for

10   consideration upon the Court's motion calendar.

11           Stipulated and agreed motions, motions to file over-length motions or briefs, motions for

12   reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2),

13   motions for default, requests for the clerk to enter default judgment, and motions for the court to

14   enter default judgment where the opposing party has not appeared shall be noted for

15   consideration on the day they are filed.  *See* LCR 7(d)(1).  All other non-dispositive motions

16   shall be noted for consideration no earlier than the third Friday following filing and service of the

17   motion.  *See* LCR 7(d)(3).  All dispositive motions shall be noted for consideration no earlier

18   than the fourth Friday following filing and service of the motion.  *Id*.

19           For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-

20   dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday

21   immediately preceding the date designated for consideration of the motion.  If a party (i.e. a *pro*

22   *se* litigant and/or prisoner) files a paper original, that opposition must be received in the Clerk's

23   office by 4:30 p.m. on the Monday preceding the date of consideration.

SECOND ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 3

1    The party making the motion may file and serve, not later than 11:59 p.m. (if filing

2    electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the date

3    designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

4       (5)    Motions to Dismiss and Motions for Summary Judgment

5    Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil

6    Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

7    Procedure should acquaint themselves with those rules.  As noted above, these motions shall be

8    noted for consideration no earlier than the fourth Friday following filing and service of the

9    motion.

10   Defendants filing motions to dismiss or motions for summary judge are advised that they

11   MUST serve a *Rand* notice concurrently with motions to dismiss and motions for summary

12   judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is

13   required of them in order to oppose those motions.  *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir.

14   2012).  The Ninth Circuit has set forth model language for such notices:

15       A motion for summary judgment under Rule 56 of the Federal Rules of
         Civil Procedure will, if granted, end your case.

16
         Rule 56 tells you what you must do in order to oppose a motion for summary
17       judgment.  Generally, summary judgment must be granted when there is no
         genuine issue of material fact – that is, if there is no real dispute about any
18       fact that would affect the result of your case, the party who asked for
         summary judgment is entitled to judgment as a matter of law, which will
19       end your case.  When a party you are suing makes a motion for summary
         judgment that is properly supported by declarations (or other sworn
20       testimony), you cannot simply rely on what your complaint says.  Instead,
         **you must set out specific facts in declarations, depositions, answers to**
21       **interrogatories, or authenticated documents, as provided in Rule 56(e),**
         **that contradict the facts shown in the defendant's declarations and**
22       **documents and show that there is a genuine issue of material fact for**
         **trial.  If you do not submit your own evidence in opposition, summary**
23       **judgment, if appropriate, may be entered against you.  If summary**

SECOND ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 4

1   **judgment is granted, your case will be dismissed and there will be no
2   trial.**

3   *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).  Defendants who fail to

4   file and serve the required *Rand* notice on plaintiff may have their motion stricken from the

5   Court's calendar with leave to re-file.

6          (6)     <u>Direct Communications with District Judge or Magistrate Judge</u>

7          No direct communication is to take place with the District Judge or Magistrate Judge with

8   regard to this case.  All relevant information and papers are to be directed to the Clerk.

9          (7)     The Clerk is directed to send a copy of this Order to the parties.  The Clerk is

10  further directed to send a copy of this Order to both Mason County Jail[1] and the Mason County

11  Prosecutors Office, by first-class mail.

12         Dated this 12th day of February, 2024.

13

14

15  S. KATE VAUGHAN
    United States Magistrate Judge

16

17

18

19

20

21

22

23

---

[1] Although Defendants Guidry, Slack, Houldon, Rice, Saucier, and Bre Doe are not employed by Mason County, they may continue to provide medical services at Mason County Jail.  *See* Dkt. 42.

SECOND ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 5