UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

          Plaintiff,

   v.

MASON COUNTY, et al.,

          Defendants.

Case No. C23-5435-JLR-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff proceeds pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Plaintiff is a pretrial detainee at Mason County Jail (MCJ) and raises claims associated with his confinement at both MCJ and Nisqually Correctional Complex (NCC). Plaintiff alleges deliberate indifference to his serious medical needs through the denial of prescribed medications and other treatment, injury resulting from his improper placement in an upper bunk, and his transfer from NCC back to MCJ, resulting in the discontinuation of opioid addiction treatment. Dkt. 20. He also alleges other constitutional violations through the denial of access to a television, denial of access to a law library, his placement in administrative segregation, and

REPORT AND RECOMMENDATION - 1

retaliation. *Id*. Plaintiff names Mason County and a number of individuals either employed by or providing medical services at MCJ or NCC as Defendants. *Id*.

Now pending before the Court is Plaintiff's Order to Show Cause for a Preliminary Injunction & Temporary Restraining Order, Dkt. 29, construed by the Court as a motion seeking preliminary injunctive relief. Defendants Mason County, Paula Blush, Angela Brown, Kevin Hanson, Randy Newell, Andrew Ostergard, Tonia Reed, and Shane Schoeneberg (hereinafter "Mason County Defendants") are the only Defendants who have appeared in this matter to date and oppose Plaintiff's motion. Dkt. 42. The Court, having considered all documents filed in support and opposition to the motion, as well as the balance of the record, herein concludes that Plaintiff's request for preliminary injunctive relief should be denied.

## BACKGROUND

In November 2023, the Court issued Orders directing service of Plaintiff's Amended Complaint on the named Defendants. Dkts. 21-22. Subsequently, Plaintiff filed the motion currently under consideration and the Mason County Defendants appeared and filed an Answer to the Amended Complaint. Dkts. 29, 31-32.

In an Order dated January 12, 2024, the Court sought additional information regarding Defendants who had not yet appeared in this matter, as well as a response to Plaintiff's pending motion. Dkt. 38. The Mason County Defendants advised the Court that a number of individual Defendants were not employed by Mason County, and instead provided medical services at MCJ through the independently-contracted healthcare provider Healthcare Delivery Systems (hereinafter "HDS Defendants"). Dkt. 42. With respect to the Defendants either employed by or providing services at NCC (hereinafter "NCC Defendants"), the Mason County Defendants

...

advised that NCC is a separate facility with whom Mason County contracts for overflow beds when MCJ reaches capacity. *Id*.

The Court only recently issued a second order directing service on the HDS Defendants. Dkt. 46. That Order allows the HDS Defendants thirty days to return a waiver of service of summons and, if timely returned, sixty days for the service of an answer or motion permitted under Rule 12 of the Federal Rules of Civil Procedure. *Id*. The Court, at the same time, issued an Order to Show Cause in relation to the NCC Defendants. Dkt. 45. That Order directs the NCC Defendants to show cause within twenty-one days of the date of the Order as to why they should not be personally served. *Id*.

## DISCUSSION

A.   <u>Legal Standard</u>

To obtain preliminary injunctive relief, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the "sliding scale" version of this test, a preliminary injunction may be appropriate where there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor, and where the irreparable harm and public interest factors are satisfied. *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted). "Likelihood of success on the merits is the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors in the absence of serious questions going to the merits." *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (cleaned up and internal citations omitted).

1    The purpose of preliminary injunctive relief is to preserve the positions of the parties
2 until a trial on the merits can be held.  *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).
3 A preliminary injunction is, however, "an extraordinary and drastic remedy, one that should not
4 be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'"  *Mazurek v.*
5 *Armstrong*, 520 U.S. 968, 972 (1997) (quoted source omitted; emphasis added by Supreme
6 Court).  *See also Winter*, 555 U.S. at 24 ("A preliminary injunction is an extraordinary remedy
7 never awarded as of right.").
8    In addition, a preliminary injunction is only intended to grant intermediate relief of the
9 same character that would be granted if the party seeking the injunction succeeded on the
10 underlying claims.  *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636
11 (9th Cir. 2015) (citing *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)).
12 Thus, a district court lacks authority to grant injunctive relief to address matters that have no
13 relationship or nexus to the claims set forth in the underlying complaint.  *Id.*  Likewise, a court
14 lacks authority to issue an order against an individual who is not designated a party to a suit or
15 who "has not been made a party by service of process."  *Zenith Radio Corp. v. Hazeltine*
16 *Research, Inc.,* 395 U.S. 100, 110 (1969) ("The consistent constitutional rule has been that a
17 court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the
18 person of the defendant.")

B.    Analysis

20    In pursuing preliminary injunctive relief, Plaintiff describes issues associated with his
21 current confinement at MCJ, including his placement in administrative segregation, the failure to
22 provide him with prescribed medications, and his lack of access to a television, caffeinated
23 coffee, and means of communication.  *See* Dkt. 29.  He requests as relief:  (1) a transfer to NCC;

REPORT AND RECOMMENDATION - 4

(2) his prescribed medications; and (3) access to a television.  Dkt. 29-1 at 4-5 & Dkt. 29-2 at 1.  *See also* Dkt. 43.  The Court, for the reasons set forth below, does not find Plaintiff entitled to the relief requested.

      1.    <u>Medications</u>:

Plaintiff alleges deliberate indifference to his serious medical needs, including the failure to provide him with prescribed medications.  "Individuals in state custody have a constitutional right to adequate medical treatment."  *Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021).  "[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard."  *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (cleaned up and quoted source omitted).[1]

Plaintiff here seeks an order directing his treatment with different types and/or amounts of medication.  *See, e.g.*, Dkt. 43 at 2 (stating that he is currently being denied treatment with an antidepressant and opiate addiction medication, and is receiving an inadequate dosage of medication for nerve damage).  However, the Mason County Defendants assert and Plaintiff appears to agree that Plaintiff's claims regarding his medication and other medical treatment lie against the HDS Defendants.  *See* Dkt. 42 at 4-5 (explaining that none of the Mason County Defendants are medical personnel or have any medical decision making authority at MCJ); Dkt. 43 (Plaintiff's reply associating his medical-related issues with HDS and its employees).  The Court, as noted above, only recently attempted to re-serve the HDS Defendants upon

---

[1] The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries."  *Gordon*, 888 F.3d at 1125.

determining that the prior attempt at service was not effectual. Moreover, even assuming the Court has now properly effectuated service, the HDS Defendants have yet to appear or to provide any response to Plaintiff's motion for a preliminary injunction. The Court, as such, finds Plaintiff's request for an order directing that he be provided with prescribed medication premature and inappropriate for resolution at this time.

    2.    <u>Transfer</u>:

Plaintiff also seeks a transfer from MCJ to NCC. He appears to desire this transfer so that he can obtain medication and other medical treatment not provided at MCJ, end his stay in administrative segregation, and avoid further retaliation. *See* Dkts. 29 & 43.

It is well established that an inmate does not have a constitutional right to confinement in a particular facility, *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), and that prison officials are entitled to deference in their decisions as to the "ordinary incidents of prison life," *Sandin v. Connor*, 515 U.S. 472, 482-83 (1995), including decisions with respect to an inmate's housing. *See, e.g., Barker v. Tolbert*, No. C15-1343, 2015 WL 13914956, at *1 (C.D. Cal. Sept. 24, 2015) (observing that the court did not "presume to dictate to state prison officials where they should house state prisoners[,]" which was "a task they are uniquely qualified to perform.") Courts, for these reasons, "routinely conclude that they lack the authority to transfer an inmate from one facility to another." *Seina v. Oahu Cmty. Corr. Ctr.*, C20-0554, 2021 WL 67315, at *3 (D. Haw. Jan. 7, 2021) (denying pretrial detainee's request for a transfer).

A grant of preliminary injunctive relief must, moreover, comply with the requirements of the Prison Litigation Reform Act (PLRA). *See* 18 U.S.C. § 3626(a)(1)(A). That is, any grant of prospective relief with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right at issue, and be the least intrusive

REPORT AND RECOMMENDATION - 6

means necessary for correction. *Id. Accord Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001). *See also Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (a mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored).

In this case, Plaintiff's request for a transfer to NCC appears to be grounded in substantial part on his claims of inadequate medical treatment at MCJ. The Court, as stated above, finds any consideration of arguments raised in relation to those claims premature. The Court further finds that, even if Plaintiff was found entitled to preliminary relief, a preliminary injunction ordering his transfer to a different facility would not likely satisfy the requirements of the PLRA. That is, "[a]ny preliminary relief would have to be narrowly tailored to ensure adequate medical care is provided without unnecessarily obstructing prison official's control over the classification and movement of prisoners." *Denton v. Rainer*, No. C19-5743 BHS-TLF, 2019 WL 7756104, at *2 (W.D. Wash. Nov. 15, 2019), *Report and Recommendation adopted*, 2020 WL 419536 (W.D. Wash. Jan. 27, 2020). For these reasons, Plaintiff's request for preliminary injunctive relief in the form of a transfer to NCC should be denied.

      3.      <u>Television Access</u>:

Plaintiff also seeks access to a television. In his Amended Complaint, Plaintiff alleged the denial of access to a television, and therefore denial of access to outside news and other information, violated his rights under the First Amendment and amounted to unconstitutional punishment. *See* Dkt. 20 at 19-20. He seeks, in his motion for preliminary injunctive relief, an order directing Defendants to reinstall televisions at MCJ. *See* Dkts. 29 & 43. He further argues that, in allowing some inmates access to television, Defendants have also violated his constitutional right to equal protection. *Id.*

Inmates have a First Amendment right to receive published materials, including news materials, subject to reasonable limitations. *See Pell v. Procunier*, 417 U.S. 817, 822-28 (1974). However, as recently found by this Court, "'that right does not create an affirmative duty on prisons to provide news publications [or television news broadcasts] to inmates.'" *Stanley v. Mason Cnty. Jail*, No. C21-5860-MJP-JRC, 2022 WL 2657367, at *4 (W.D. Wash. Apr. 19, 2022) (quoting *Collins v. Burl*, C11-0040, 2011 WL 2457532, at *1 (E.D. Ark. June 17, 2011)), *Report and Recommendation adopted*, 2022 WL 2353377 (W.D. Wash. June 30, 2022), *appeal dismissed*, No. 22-35660, 2022 WL 18776185 (9th Cir. Dec. 9, 2022).

Nor does access to a television rise to the level of a fundamental liberty interest under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (pretrial detainee's claims regarding conditions of confinement are analyzed under the Fourteenth Amendment Due Process Clause, which guarantees the right to be free from conditions of confinement that amount to punishment); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (pretrial detainees are "entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'") (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)), *overruled on other grounds in Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008). Courts have, in fact, concluded that inmates do not have a constitutional right to watch television. *Stanley*, 2022 WL 2657367, at *4 (citing, *inter alia*, *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) (denial of television does not constitute a cognizable civil rights claim); *Murphy v. Walker*, 51 F.3d 714, 718, n. 8 (7th Cir. 1995) (per curiam) (same); and *Gladson v. Rice*, 862 F.2d 711, 713 (8th Cir. 1988) (same)). *See also Cunningham v. Spokane Cnty. Jail*, C19-0301, 2019 WL 6137458, at *1-2 (E.D. Wash. Nov. 19, 2019) (finding plantiff's request for "'comforts' for

pretrial detainees", including a television, did not "entitle him to the extraordinary relief of either a preliminary injunction or a temporary restraining order.")

Plaintiff, finally, does not assert that he belongs to a protected class or that Defendants, in denying him access to a television, acted with an intent to discriminate against him based upon his membership in that protected class. Plaintiff thus also fails to set forth any basis for preliminary injunctive relief through an alleged equal protection violation. *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.") (citations omitted). *See also Rawls v. Sundquist*, 929 F. Supp. 284, 289-91 (M.D. Tenn. 1996) (finding no equal protection violation with denial of satellite television to death row inmates and observing that the denial was "within the wide-ranging discretion granted to prison administrators and does not impinge the Inmate Plaintiffs' constitutional rights"), *aff'd*, 113 F.3d 1235 (6th Cir. 1997).

Plaintiff, in sum, fails to show a likelihood of success or serious questions going to the merits of his claim regarding television access. The Court, having found as such, finds no basis for granting Plaintiff the relief requested.

## CONCLUSION

The Court finds Plaintiff's request for a preliminary injunction premature and/or unwarranted. The Court therefore recommends the construed Motion for a Preliminary Injunction, Dkt. 29, be DENIED. A proposed order accompanies this Report and Recommendation.

/ / /

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 8, 2024**.

Dated this 12th day of February, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10