UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

     Plaintiff,

 v.

MASON COUNTY, et al.,

     Defendants.

Case No. C23-5435-JLR-SKV

ORDER DIRECTING PERSONAL SERVICE BY UNITED STATES MARSHAL

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff proceeds in this action pro se and *in forma pauperis*, and names as Defendants in his Amended Complaint two employees of Nisqually Correctional Complex, identified as "Cpl. Freeman" and "Nurse Lisa." *See* Dkt. 20.

On November 14, 2023, the Court issued an Order directing service of the original pleading on Cpl. Freeman and Nurse Lisa. Dkt. 21. Neither Cpl. Freeman, nor Nurse Lisa returned waivers of service of summons or otherwise responded to the complaint. Accordingly, on February 12, 2024, the Court issued an Order directing them to show cause, on or before March 4, 2024, why the Court should not direct that they be personally served and why the cost

ORDER DIRECTING PERSONAL SERVICE BY
UNITED STATES MARSHAL - 1

of such personal service should not by assessed pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

To date, neither Cpl. Freeman, nor Nurse Lisa have responded to the Court's Order to Show Cause. The Court, accordingly, hereby ORDERS as follows:

(1)     <u>Service by United States Marshal</u>

The United States Marshal shall personally serve Nisqually Correctional Complex employees Cpl. Freeman and Nurse Lisa by delivering copies of the summons and Plaintiff's Amended Complaint, Dkt. 20, and copies of this Order in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. The Clerk shall issue summons and assemble the necessary documents to affect this personal service.

(2)     <u>Response to Complaint</u>

Within **twenty-one (21) days** after service, Defendants shall file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

(3)     <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

1   Any document filed with the Court must be accompanied by proof that it has been served
2   upon all parties that have entered a notice of appearance in the underlying matter.

3   (4)   <u>Motions, Generally</u>

4   Any request for court action shall be set forth in a motion, properly filed and served.
5   Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a
6   part of the motion itself and not in a separate document. The motion shall include in its caption
7   (immediately below the title of the motion) a designation of the date the motion is to be noted for
8   consideration upon the Court's motion calendar.

9   Stipulated and agreed motions, motions to file over-length motions or briefs, motions for
10  reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2),
11  motions for default, requests for the clerk to enter default judgment, and motions for the court to
12  enter default judgment where the opposing party has not appeared shall be noted for
13  consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions
14  shall be noted for consideration no earlier than the third Friday following filing and service of the
15  motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier
16  than the fourth Friday following filing and service of the motion. *Id*.

17  For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-
18  dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday
19  immediately preceding the date designated for consideration of the motion. If a party (i.e. a *pro*
20  *se* litigant and/or prisoner) files a paper original, that opposition must be received in the Clerk's
21  office by 4:30 p.m. on the Monday preceding the date of consideration.

22

23

ORDER DIRECTING PERSONAL SERVICE BY
UNITED STATES MARSHAL - 3

The party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(5)     <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary**

ORDER DIRECTING PERSONAL SERVICE BY
UNITED STATES MARSHAL - 4

**judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).  Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(6)     <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

(7)     The Clerk is directed to send copies of this Order to Plaintiff.  The Clerk is further directed to send a copy of this Order and a courtesy copy of Plaintiff's Amended Complaint to the Nisqually Prosecuting Attorney, by first-class mail.

Dated this 2nd day of April, 2024.

*[signature: S. Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge