UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

                Plaintiff,

   v.

MASON COUNTY, et al.,

                Defendants.

Case No. C23-5435-JLR-SKV

ORDER DIRECTING PERSONAL SERVICE BY UNITED STATES MARSHAL

       This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds pro se and *in forma pauperis*, and includes as Defendants in his Amended Complaint the following employees of Healthcare Delivery Systems (HDS):  David Guidry, Shannon Slack, Dianne Houldon, Julie Rice, Jennifer Saucier, and Nurse Bre Doe (HDS Defendants).  *See* Dkt. 20 & Dkt. 42 at 5.

       In initially attempting service, the Court construed the complaint as identifying the above-named individuals as employees of Mason County Jail.  *See* Dkt. 21.  Counsel for Mason County subsequently advised the Court that HDS is the independently-contracted healthcare provider for Mason County Jail and that none of the HDS Defendants are employees of Mason County.  Dkt. 42 at 5, n. 14 (providing the website address: https:// healthcaredeliveryinc.com).

On February 12, 2024, the Court issued another Order directing service of Plaintiff's Amended Complaint on the HDS Defendants. Dkt. 46. The Order set a deadline of March 13, 2024 for the HDS Defendants to return enclosed waivers of service of summons, and advised that a defendant who failed to timely return the signed waiver would be personally served with the summons and complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. *Id*.

To date, none of the HDS Defendants have returned waivers of service of summons or otherwise responded to the Court's Order. The Court, as such, hereby ORDERS as follows:

(1) <u>Service by United States Marshal</u>

The United States Marshal shall personally serve HDS employees David Guidry, Shannon Slack, Dianne Houldon, Julie Rice, Jennifer Saucier, and Nurse Bre Doe by delivering copies of the summons and Plaintiff's Amended Complaint, Dkt. 20, and copies of this Order in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. The Clerk shall issue summons and assemble the necessary documents to affect this personal service.

(2) <u>Response to Complaint</u>

Within **twenty-one (21) days** after service, Defendants shall file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

(3) <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original

with the Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

(4)     Motions, Generally

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion. If a party (i.e. a *pro*

ORDER DIRECTING PERSONAL SERVICE BY
UNITED STATES MARSHAL - 3

*se* litigant and/or prisoner) files a paper original, that opposition must be received in the Clerk's office by 4:30 p.m. on the Monday preceding the date of consideration.

The party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

>   (5)     <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and**

**documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added). Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

    (6)    <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

    (7)    The Clerk is directed to send copies of this Order to Plaintiff. The Clerk is further directed to send a copy of this Order to Mason County Jail[1] and the Mason County Prosecutors Office, by first-class mail.

Dated this 2nd day of April, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] Although the HDS Defendants are not employed by Mason County, they may continue to provide medical services at Mason County Jail. *See* Dkt. 42.

ORDER DIRECTING PERSONAL SERVICE BY
UNITED STATES MARSHAL - 5