UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

               Plaintiff,

   v.

MASON COUNTY, et al.,

               Defendants.

Case No. C23-5435-JLR-SKV

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff Brandon Rubio, who is currently incarcerated at Monroe Correctional Complex – Twin Rivers, proceeds pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Plaintiff brings claims relating to his confinement as a pretrial detainee at Mason County Jail (MCJ) and Nisqually Correctional Complex (NCC), and alleges constitutional violations through deliberate indifference to his serious medical needs, denial of access to a television and law library, placement in administrative segregation, and retaliation. Dkt. 20. He names as Defendants: (1) Mason County and MCJ employees Paula Blush, Angela Brown, Kevin Hanson, Randy Newell, Andrew Ostergard, Tonia Reed, and Shane Shoeneberg ("Mason County

REPORT AND RECOMMENDATION - 1

Defendants"); (2) Healthcare Delivery Systems (HDS) owner Shannon Slack and HDS employees David Guidry, Dianne Houldon, Julie Rice, Jennifer Saucier, and Nurse Bre Doe ("HDS Defendants"); and (3) NCC employees "Cpl. Freeman" and "Nurse Lisa" ("NCC Defendants"). *Id*. at 3-6.[1]  He seeks nominal and punitive damages and injunctive relief. *Id*. at 27-29.

Now pending before the Court is Mason County Defendants' Motion for Partial Judgment on the Pleadings.  Dkt. 50.  Mason County Defendants seek dismissal of Counts 1, 3, 4, 5, 6, and 7 of Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(c).  *Id*.  After the motion noted, the Court received a notice of joinder from HDS Defendants, Dkt. 57,[2] and an opposition from Plaintiff requesting denial of the motion or additional time to conduct discovery pursuant to Rule 56(d), Dkts. 59-61, 65.  The Court, having now considered the Rule 12(c) motion, notice of joinder, and Plaintiff's opposition, herein recommends that Mason County Defendants' Rule 12(c) motion be GRANTED in relation to the Mason County Defendants and as discussed below.

## BACKGROUND

A.  <u>Procedural History</u>

Plaintiff initiated this matter on May 12, 2023, Dkt. 1, and filed the Amended Complaint now under consideration on November 3, 2023, Dkt. 20.  On March 21, 2024, Mason County Defendants filed their Motion for Partial Judgment on the Pleadings, noted for consideration on April 12, 2024.  Dkt. 50.

---

[1] To the extent Plaintiff mentions other individuals in the Amended Complaint, they are neither considered as defendants, nor discussed herein.  Also, to the extent Plaintiff identifies MCJ as a party to a claim, the Court presumes he refers to named Defendant Mason County.

[2] As discussed in a separate order, counsel has appeared on behalf of all HDS Defendants with the exception of Jennifer Saucier.

At the time Mason County Defendants' motion noted, neither HDS Defendants, nor NCC Defendants had appeared in this matter.  In fact, despite extensive efforts, the Court has yet to effectuate service on or obtain waivers of service of summons from these Defendants.  *See* Dkts. 21, 42, 45-46 & 53-54.  However, on April 17, 2024, the Court received a notice of appearance, without waiving objections as to improper service, *see* Dkt. 56; *see also* Dkt. 62, and a notice of joinder filed on behalf of HDS Defendants, Dkt. 57. *But see supra* at n. 2.  On that same date, the Court received Plaintiff's opposition and request for discovery, as well as a declaration and documents offered in support.  Dkts. 59-61.  Plaintiff also, on May 6, 2024, filed a "Second Declaration" and additional documents.  Dkt. 65.

In their reply, Mason County Defendants note Plaintiff's failure to timely oppose their motion or request a continuance to conduct discovery, observe his mistaken interpretation of their Rule 12(c) motion as seeking summary judgment under Rule 56, and ask that the request for Rule 56(d) discovery be denied.  Dkt. 64.  Mason County Defendants also, in a surreply, ask that Plaintiff's second declaration be stricken as both irrelevant and untimely.  Dkt. 67.

B.    <u>Plaintiff's Claims</u>

Plaintiff's Amended Complaint raises ten counts for relief.  Dkt. 20.  Mason County Defendants seek dismissal of Counts 1, 3, 4, 5, 6, and 7.  Dkt. 50.

1.    <u>Count 1</u>:

In Count 1, Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights through deliberate indifference to his serious medical needs by HDS Defendants Guidry, Slack, Saucier, and Rice.  Dkt. 20 at 7.  He alleges that, since 2014 and at the time of his April 2023 booking into MCJ, he had been taking Bupropion, Trazadone, Gabapentin, MiraLAX, and Senecot to treat his severe depression, ADHD, borderline personality disorder, schizophrenia,

bipolar disorder, a traumatic brain injury, chronic constipation, asthma, neuropathy, spinal damage, and nerve damage. *Id*. at 7-8.  He alleges that, while a nurse initially assured him he would receive his medications, Guidry and Slack immediately discontinued all of his medications "simultaneously and with no taper." *Id*. at 8.  He alleges that, after waiting twenty-four hours, he proceeded to push an emergency button daily and submitted grievances, but received no response from security or medical staff, and that he reported numerous withdrawal symptoms, including delirium, hysteria, sleep deprivation, excruciating pain, tremors, suicidal thoughts, hallucinations, extreme paranoia, irregular heartbeats, and panic attacks. *Id*. at 8-9.  He further alleges that Guidry has practiced and been held responsible for similar behaviors and policies at other institutions in Washington, continues to display a reckless disregard for prisoners' wellbeing, causes inadequate medical care and cruel and unusual punishment, and that it is unlikely Guidry would be unaware of the dangers caused by abruptly stopping medications Plaintiff had been taking at high dosages for years. *Id*. at 9-10.

    2.    <u>Count 3</u>:

In Count 3, Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights through deliberate indifference to his serious medical needs by HDS Defendants and Mason County. *Id*. at 13.  He alleges he repeatedly kited about and requested pain medications at MCJ, and that, while Houlden recommended and obtained approval to increase his dosage on May 2, 2023, Bre Doe interfered with and stopped the order for an increase on the following day. *Id*. He seeks to remedy "[t]hese kinds of intentionally made efforts" to interfere with his medications, and states: "Policies need to be reformed and an oversight committee put into place. Or the bad habits that Nurse Bre Doe and Providers Shannon Slack & Jennifer Saucier and David Guidry will continue their bad practice of medicine." *Id*.

REPORT AND RECOMMENDATION - 4

3.     Count 4:

In Count 4, Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights through deliberate indifference to his serious medical needs, violation of his right to due process, and retaliation by NCC and HDS Defendants. *Id*. at 14. He alleges that, after he was transferred to NCC, he was provided effective treatment for his opiate addiction with Suboxone. *Id*. He further alleges that, after reporting verbal abuse by Nurse Lisa in October 2023, Cpl. Freeman transferred him back to MCJ, resulting in the discontinuation of his Suboxone, as well the discontinuation of the Buproprion and Zyprexa Guidry had prescribed prior to his transfer, causing him to suffer withdrawal symptoms. *Id*. at 14-16.

4.     Count 5:

In Count 5, Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights through deliberate indifference to his serious medical needs and due process violations by NCC Defendant Nurse Lisa. *Id*. at 17. He alleges that, upon his October 11, 2023 transfer to NCC, his pain medications were immediately discontinued without the support of any medical data and "[o]nly a blanket ban based on personal opinion of jail staff." *Id*. He asserts that he suffers nerve damage and experienced tremendous pain up and down his legs and spine. *Id*. at 17-18.

5.     Count 6:

In Count 6, Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights by Mason County Defendants Hanson and Shoeneberg based on their refusal to reinstall televisions at MCJ. *Id*. at 19-20.

6.     Count 7:

In Count 7, Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights through deliberate indifference to his serious medical needs by Mason County Defendants

REPORT AND RECOMMENDATION - 5

1  Newell, Hanson, and Shoeneberg and HDS Defendants Slack, Saucier, Bre Doe, and Houldon.

2  *Id*. at 21.  He alleges that he arrived at MCJ in April 2023 with two broken molars, with roots

3  exposed, hurting badly, and making it difficult for him to eat, that he repeatedly reported the

4  issue to Houldon and Bre Doe and kited the issue on multiple occasions.  *Id*.  He alleges he was

5  told by Bre Doe that he would not be added to a list for treatment without agreeing to have the

6  teeth pulled, and that he thinks the teeth are salvageable with fillings.  *Id*. at 21-22.  He alleges

7  that MCJ inmates pull out the teeth of other inmates in order to avoid pain from infections and

8  that Chief Hanson allows this behavior.  *Id*. at 22.

## DISCUSSION

A.  <u>Legal Standard</u>

Under Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that [they are] entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing."  *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Thus, the standard for evaluating a motion under Rule 12(c) is "substantially identical" to the Rule 12(b)(6) standard.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

When considering a Rule 12(b)(6) or Rule 12(c) motion, the court must accept the non-moving party's well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019); *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  The court need not

accept conclusory legal allegations as true. *Chavez*, 683 F.3d at 1108. The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). *See also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (conclusory allegations of law and unwarranted inferences will not survive a motion to dismiss).

The court may, as a general matter, only consider the pleadings, documents attached to the pleadings, documents incorporated therein, or matters of judicial notice in ruling on a Rule 12(b)(6) or Rule 12(c) motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). If matters outside the pleadings are presented to and considered by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, a court does not abuse its discretion when it does not consider matters that would require conversion of a Rule 12(c) motion into one for summary judgment. *Barnes v. Kris Henry, Inc.*, No. 20-17141, 2022 WL 501582, at *1 (9th Cir. Feb. 18, 2022) (citing *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018)).

Finally, courts have discretion to grant leave to amend in conjunction with a Rule 12(c) motion. *Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1134-35 (9th Cir. 2012). "Dismissal without leave to amend is appropriate only when the Court is satisfied an amendment could not cure the

REPORT AND RECOMMENDATION - 7

deficiency." *Id*. However, leave to amend need not be granted where an amendment would be futile. *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006).

B.      Materials Considered

The Court received Plaintiff's opposition brief and request for Rule 56(d) discovery several days after the April 12, 2024 noting date for the Rule 12(c) motion. *See* Dkts. 50 & 59. However, the docket reflects that Plaintiff had been transferred both shortly before and again shortly after the filing of Mason County Defendants' motion. *See* Dkts. 49 & 52. Given that fact, as well as Plaintiff's pro se status, the Court finds consideration of his opposition appropriate.

The Court does not, however, herein consider Plaintiff's other filings. Plaintiff misconstrues the Rule 12(c) motion as seeking summary judgment under Rule 56, requests additional time to conduct discovery under Rule 56(d), and submits declarations and documents in support of his opposition. *See* Dkt. 59-61, 65. Mason County Defendants' motion is considered as filed and as seeking dismissal on the face of the pleadings under Rule 12(c), not summary judgment under Rule 56. The Court, as such, limits its consideration to the face of the pleadings and does not consider either the documents offered by Plaintiff in support of his opposition or his request for discovery under Rule 56(d). *See Ritchie*, 342 F.3d at 908.[3]

HDS Defendants also belatedly filed their notice of joinder. Dkt. 57. Like Plaintiff, HDS Defendants appear to misconstrue the Rule 12(c) motion. That is, they request dismissal of

---

[3] The Court notes that Plaintiff is responsible for stating a basis for his own claims regardless of his pro se status and the absence of discovery. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "'may not supply essential elements of the claim that were not initially pled.'") (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)), and *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *see also* Fed. R. Civ. P. 8(a).

Counts 1, 3, 4, 5, 6, and 7 under Rule 56, and a holding that they did not violate Plaintiff's rights under any theory of recovery and did not act with deliberate indifference in treating his chronic pain. *Id*. at 1. HDS Defendants also state that HDS provides medical staffing for MCJ, and assert that, while "HDS Defendants did provide Mr. Rubio with medical care, he simply disagreed with their diagnosis and approach, which does not give rise to deliberate indifference." *Id*. at 2. They provide no other argument, and adopt and incorporate by reference the briefing and arguments offered by Mason County Defendants. *Id*.

The late filing of HDS Defendants' joinder is explained by the fact they had not been served or appeared with counsel prior to the noting date. *See, e.g.*, Dkt. 46. The Court nonetheless declines to consider this filing. As discussed below, the Court finds Mason County Defendants entitled to dismissal of Counts 1, 3, 4, 5, and 7 – all of which name HDS Defendants and relate to Plaintiff's medical/dental care – based on Plaintiff's failure to state a claim of municipal liability or to identify any personal participation on the part of the individual Mason County Defendants. The Court, having found as such, finds no need to address Mason County Defendants' argument as to the sufficiency of the allegations asserting deliberate indifference to Plaintiff's serious medical needs. Nor does the Court, at this juncture, find such an analysis appropriate. The Court finds it prudent to first effectuate service on HDS Defendants by Clerk and through a request for waiver of service of summons, and notes that HDS Defendants may renew their request for dismissal in a motion providing appropriate argument in support of such a request.[4]

///

---

[4] The Court will also attempt to effectuate service on NCC Defendants by Marshal. *See* Dkt. 53. The Court further notes that any HDS Defendant who fails to timely return a signed waiver of service of summons will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

REPORT AND RECOMMENDATION - 9

C. Motion for Partial Judgment on the Pleadings

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In asserting their entitlement to partial judgment on the pleadings, Mason County Defendants argue that Plaintiff's transfer into the custody of the Department of Corrections (DOC) renders his claims moot; that he fails to state a claim against the individual Mason County Defendants because he does not identify their personal participation in the medical decisions about which he complains or against Mason County because HDS, not Mason County, provides medical care at MCJ; that none of the claims at issue in their motion reflect actions or omissions rising to the level of deliberate indifference in violation of Plaintiff's constitutional rights; that there is no constitutional right to view television; and that the individuals named are entitled to qualified immunity. Dkt. 50. Plaintiff addresses some of these arguments in his opposition. Dkt. 59. The Court now finds and concludes as follow.

    1. Injunctive Relief:

Mason County Defendants first assert that Plaintiff's claims are moot given his transfer out of MCJ and into DOC custody. They argue that, as a result of his transfer, Plaintiff lacks an immediate and real threat of injury, and his claims for injunctive relief should be dismissed as moot. They state that, if the Court finds as such, "it need read no further." Dkt. 50 at 6. *See also* Dkt. 64 at 1-2.

1        A claim becomes moot "'when the issues presented are no longer live or the parties lack a
2   legally cognizable interest in the outcome.'" *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir.
3   2012) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)).  "When an inmate
4   challenges prison conditions at a particular correctional facility, but has been transferred from the
5   facility and has no reasonable expectation of returning, his claim is moot." *Pride v. Correa*, 719
6   F.3d 1130, 1138 (9th Cir. 2013) (citation omitted).  The inmate's release generally moots claims
7   for injunctive relief relating to prison policies because "the released inmate is no longer subject
8   to the prison conditions or policies he challenges." *Alvarez*, 667 F.3d at 1064.  Any injunctive
9   relief ordered in an inmate's favor after his removal "'would have no practical impact on the
10  inmate's rights and would not redress in any way the injury he originally asserted.'" *Id.* at 1065
11  (quoting *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007)).
12       To secure injunctive relief, a plaintiff must demonstrate "'a very significant possibility'"
13  that future harm will ensue. *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990)
14  (quoting *Sample v. Johnson*, 771 F.2d 1335, 1343 (9th Cir. 1985)).  The burden of showing a
15  likelihood of a recurrence of harm is "'firmly on the plaintiff.'" *Id.* at 1251.  A mere possibility a
16  plaintiff will return to the prison facility in the future is "too speculative" to warrant relief.
17  *Alvarez*, 667 F.3d at 1064.
18       In considering a Rule 12(c) motion, the Court can take judicial notice of court filings and
19  its own docket.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.
20  2006) ("We may take judicial notice of court filings and other matters of public record"); Fed. R.
21  Evid. 201.  The docket in this case reflects that Plaintiff is now incarcerated by the DOC.
22  Plaintiff does not assert and there is nothing to suggest he will return to MCJ or NCC.  Because
23  Plaintiff is no longer confined at MCJ or NCC, enjoining the conduct of any of the Defendants

named in this matter would not redress the injuries he asserts. Accordingly, Plaintiff's request for injunctive relief is moot and properly dismissed. However, Plaintiff also requests monetary damages as relief. Accordingly, to the extent Mason County Defendants suggest Plaintiff's transfer to DOC custody renders all of his claims moot, this argument fails.

      2.     <u>Counts 1, 3, 4, and 5</u>:

In Counts 1, 3, 4, and 5, Plaintiff alleges deliberate indifference to his serious medical needs by various HDS Defendants, NCC Defendants, and/or Mason County, as well as retaliation by one or more NCC Defendants. *See* Dkt. 20. Specifically, Plaintiff alleges the violation of his constitutional rights through the immediate discontinuation of his numerous prescriptions for his mental and physical health conditions upon his booking into MCJ, the repeated denial of his requests for pain medications at MCJ, the immediate discontinuation of his pain medication prescriptions upon his transfer to NCC, his transfer back to MCJ in retaliation for his report of verbal abuse, and, upon his transfer back to MCJ, the discontinuation of his treatment with Suboxone. *Id.* at 7-10, 13-18.

      a.     <u>Municipal liability</u>:

Plaintiff names Mason County as a party to Count 3. In that count, he describes his diligent requests for pain medications and an incident in early May 2023 in which Houlden recommended and obtained approval for an increase in his pain medication, and Bre Doe subsequently interfered with and stopped the order for an increase. Dkt. 20 at 13. He further alleges:

> These kinds of intentionally made efforts to come between myself and the medications that treat my disabilities are the kinds of things I'm asking the court to remedy. Policies need [sic] reformed and an oversight committee needs to be put in place. Or the bad habits that Nurse Bre Doe and the Providers Shannon Slack & Jennifer Saucier and David Guidry will continue their bad practice of medicine.

REPORT AND RECOMMENDATION - 12

*Id*.  Plaintiff also appears to suggest, in his opposition, that he seeks to impose municipal liability for other claims raised in the Amended Complaint.  That is, he argues that Mason County employs the individual Mason County Defendants "to enforce policies that violate" his rights, that Mason County stopped giving him medication "based on a blanket ban restricting the medications[,]" and refers to "policies to discontinue medication."  Dkt. 59 at 2-3, 11; Dkt. 60.

To establish § 1983 liability against a municipality or local governmental unit like Mason County, a plaintiff must show a "policy or custom" led to the injury.  *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  A municipality cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id.* at 691-94.  Liability must rest on the actions of the municipality, not on the actions of an employee.  *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997).  A claim may involve implementation of official polices or established customs inflicting the injury, omissions or failures to act amounting to a policy of deliberate indifference to constitutional rights, or ratification of a subordinate's unconstitutional conduct by an official with final policy-making authority.  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010), *overruled in part on other grounds in Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

In this case, Plaintiff does not provide any specificity as to a policy or custom leading to his injury.  Nor does he provide factual content that would allow the Court to draw a reasonable inference that Mason County is liable for the misconduct alleged.  If anything, Plaintiff appears to impermissibly seek to impose liability on Mason County for the actions or inactions of individuals, and provides no more than conclusory allegations that Mason County is responsible for the harm alleged.  The Court, for these reasons, finds Defendant Mason County entitled to dismissal of Plaintiff's claims.

   b. <u>Individual liability</u>:

A plaintiff in a § 1983 action must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Supervisory personnel may not be held liable for actions of subordinates under a theory of vicarious liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). *See also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

In arguing their entitlement to a judgment on the pleadings, Mason County Defendants observe that Plaintiff does not, in Count 1, 3, 4, or 5, cite any action on the part of Blush, Brown, Hanson, Newell, Ostergard, Reed, or Schoeneberg giving rise to § 1983 liability. They assert that any allegation that these individuals communicated with Plaintiff as a part of the jail's administrative grievance process does not suffice to state a claim under § 1983.

In opposing dismissal, Plaintiff argues that the individual Mason County Defendants are employed to enforce the policies that violate his rights, and that their involvement in the grievance procedures amounted to a knowing exoneration of the medical staff's behavior. Dkt. 59 at 2; Dkt. 60. He further argues that Hanson, as the Chief of MCJ, had the power to and did interfere with this ability to receive medications, admitted that he refused to give Plaintiff Suboxone, and is responsible for the denial of medications. Dkt. 59 at 2-3, 11.

The Court finds that Plaintiff fails to state a claim against the individual Mason County Defendants in Counts 1, 3, 4, and 5. That is, to the extent Plaintiff's Amended Complaint is

REPORT AND RECOMMENDATION - 14

construed as raising these counts against the individual Mason County Defendants, Plaintiff fails to set forth any facts showing how these individuals caused or personally participating in causing the harm alleged, either directly in relation to medical decisions or in any associated grievance procedure. Indeed, Plaintiff does not name or even mention any of these individuals in the counts at issue. Further, because the Court is not permitted to consider new allegations outside of the face of the complaint, Plaintiff's arguments in opposition to Mason County Defendants' motion could not and do not alter this conclusion. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *accord Yakima Valley Mem'l Hosp. v. Washington State Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011) (addressing dismissal under Rule 12(c)). Mason County Defendants are, as such, entitled to dismissal of Counts 1, 3, 4, and 5.[5]

    3.    <u>Count 6</u>:

In Count 6, Plaintiff alleges the refusal of Defendants Hanson and Schoeneberg to reinstall televisions at MCJ violated his First, Eighth, and Fourteenth Amendment rights. Dkt. 20 at 19-20. Specifically, he asserts that the denial of access to television, and therefore denial of access to outside news and other information, violated his First Amendment rights and amounted to unconstitutional punishment. *Id*.

---

[5] Mason County Defendants also point to Plaintiff's admission that Mason County contracts with HDS, an independent entity that furnishes medical staff to provide healthcare services to MCJ inmates. Dkt. 50 at 8. They assert that the individual Mason County Defendants are not medical personnel and lack medical training or decision-making responsibility, and that, to the extent Plaintiff raises claims about his medical treatment, prescriptions, or continuity of care, his complaint lies with HDS, not Mason County. *Id*. Because these arguments appear to require consideration of facts outside the face of the pleadings, and because the Court finds Mason County Defendants entitled to dismissal of Plaintiff's claims for the reasons stated herein, the Court does not address these arguments.

REPORT AND RECOMMENDATION - 15

Inmates have a First Amendment right to receive published materials, including news materials, subject to reasonable limitations. *See Pell v. Procunier*, 417 U.S. 817, 822-28 (1974). However, as recently found by this Court, "'that right does not create an affirmative duty on prisons to provide news publications [or television news broadcasts] to inmates.'" *Stanley v. Mason Cnty. Jail*, No. C21-5860-MJP-JRC, 2022 WL 2657367, at *4 (W.D. Wash. Apr. 19, 2022) (quoting *Collins v. Burl*, C11-0040, 2011 WL 2457532, at *1 (E.D. Ark. June 17, 2011)), *Report and Recommendation adopted*, 2022 WL 2353377 (W.D. Wash. June 30, 2022), *appeal dismissed*, No. 22-35660, 2022 WL 18776185 (9th Cir. Dec. 9, 2022). Nor does access to a television rise to the level of a fundamental liberty interest under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (pretrial detainee's claims regarding conditions of confinement are analyzed under the Fourteenth Amendment Due Process Clause, which guarantees the right to be free from conditions of confinement that amount to punishment); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (pretrial detainees are "entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'") (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)), *overruled on other grounds in Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008). Courts have, in fact, concluded that inmates do not have a constitutional right to watch television. *Stanley*, 2022 WL 2657367, at *4 (citing, *inter alia*, *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) (denial of television does not constitute a cognizable civil rights claim); *Murphy v. Walker*, 51 F.3d 714, 718, n. 8 (7th Cir. 1995) (per curiam) (same); and *Gladson v. Rice*, 862 F.2d 711, 713 (8th Cir. 1988) (same)). *See also Cunningham v. Spokane Cnty. Jail*, C19-0301, 2019 WL 6137458, at *1-2 (E.D. Wash. Nov. 19, 2019) (finding plaintiff's request for "'comforts' for pretrial

detainees", including a television, did not "entitle him to the extraordinary relief of either a preliminary injunction or a temporary restraining order.")

Mason County Defendants argue that, for the reasons stated above, Plaintiff fails to state a claim for relief in relation to the refusal to reinstall televisions at MCJ. The Court agrees and thus finds Mason County Defendants entitled to dismissal of Count 6.

4. Count 7:

In Count 7, Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights through deliberate indifference to his serious medical needs by Mason County Defendants Newell, Hanson, and Shoeneberg and HDS Defendants Slack, Saucier, Bre Doe, and Houldon. Dkt. 20 at 21. He alleges that he repeatedly reported and kited about two broken molars, with roots exposed, hurting badly, and making it difficult for him to eat, that he was told he would not be added to a list for treatment without agreeing to have the teeth pulled, and that he thinks the teeth are salvageable with fillings. *Id*. at 21-22. He alleges that inmates at MCJ pull out the teeth of other inmates in order to avoid the pain from infections and that Chief Hanson allows this behavior. *Id*. at 22.

In contrast with his other claims of deliberate indifference, Plaintiff does name individual Mason County Defendants in Count 7. He does not, however, provide any factual detail showing how these individuals caused or personally participated in causing the harm alleged. Nor can he rely on Hanson's supervisory role or a conclusory allegation of Hanson's involvement to state a claim. Mason County Defendants are therefore also entitled to dismissal of Count 7.[6]

///

///

---

[6] The Court, having found as such, declines to address the additional arguments raised by Mason County Defendants.

REPORT AND RECOMMENDATION - 17

CONCLUSION

The Court, in sum, recommends that Mason County Defendants' Motion for Partial Judgment on the Pleadings, Dkt. 50, be GRANTED, and that Plaintiff's request for injunctive relief and Counts 1, 3, 4, 5, 6, and 7, as stated against Mason County Defendants, be DISMISSED.  Because it is clear that neither the request for injunctive relief, nor Count 6 could be saved by an amendment, they should be dismissed with prejudice.  The remaining counts should be dismissed without prejudice.  A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk and served upon all parties not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed within **nine (9) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 7, 2024**.

Dated this 16th day of May, 2024.

S. KATE VAUGHAN
United States Magistrate Judge