UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

    Plaintiff,

v.

MASON COUNTY, et al.,

    Defendants.

Case No. C23-5435-JLR-SKV

THIRD ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT BY CLERK

Plaintiff proceeds pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The Court, on two prior occasions, attempted service of Plaintiff's Amended Complaint by the Clerk on Healthcare Delivery Systems (HDS) Defendants David Guidry, Shannon Slack, Dianne Houldon, Julie Rice, Jennifer Saucier, and Nurse Bre Doe ("HDS Defendants"). Dkts. 21 & 46. Although not yet executed, the Court also issued an Order Directing Personal Service by Marshal. Dkt. 54. The Court subsequently received notices of appearance, without waiving objections as to improper service, and a notice of joinder in a pending motion filed by counsel on behalf of HDS Defendants Slack, Guidry, Houldon, Rice, and Doe. Dkts. 56-57, 62. The Court has not received any filing relating to Saucier.

Now, in an effort to avoid the difficulty and expense of effectuating service on HDS Defendants by Marshal, the Court ORDERS as follows:

(1)     Service by Clerk

The Clerk is directed to send the following to counsel for HDS Defendants David Guidry, Shannon Slack, Dianne Houldon, Julie Rice, Jennifer Saucier, and Nurse Bre Doe:  a copy of Plaintiff's Amended Complaint, Dkt. 20, a copy of this Order, two copies of the notice of lawsuit and request for waiver of service of summons, a waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

The Court notes that, although the notices of appearance were filed only in relation to Slack, counsel indicates representation of Slack, Guidry, Houldon, Rice, and Doe in the joinder filing.  Dkts. 56-57, 62.  The Clerk is therefore directed to update the docket to reflect counsel's representation of these Defendants.  **Further, counsel for HDS Defendants is directed to promptly advise the Court as to whether their representation extends to Saucier and, if not, to provide any relevant information regarding Saucier in relation to HDS.**

(2)     Response Required

Defendants shall have **thirty (30) days** within which to return the enclosed waiver of service of summons.  A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

**A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.**  A defendant who has been

personally served shall file an answer or motion permitted under Rule 12 within **twenty-one (21) days** after service.

      (3)    <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

      (4)    <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to Local Civil Rule (LCR) 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

The parties are advised that this Court's LCRs were updated as of April 26, 2024, and the updates include changes to LCR 7(d) pertaining to noting dates and briefing schedules for motions. The parties should familiarize themselves with these changes and ensure that any motions filed with the Court conform to the updated rules.

/ / /

(5) <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added). Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

/ / /

THIRD ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT BY CLERK - 4

(6) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(7) The Clerk is directed to send a copy of this Order to the parties.

Dated this 16th day of May, 2024.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge