UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON J. RUBIO,

          Plaintiff,

   v.

MASON COUNTY, et al.,

          Defendants.

Case No. C23-5435-JLR-SKV

ORDER RE: FIFTH MOTION TO APPOINT COUNSEL

Plaintiff, who is currently incarcerated at Monroe Corrections Complex-Twin Rivers, proceeds pro se and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 civil rights action relating to his confinement as a pretrial detainee at Mason County Jail and Nisqually Corrections Center. Plaintiff filed a Motion for Appointment of Counsel. Dkt. 58. Having now considered that motion, the Court finds as follows:

(1)    There is no right to have counsel appointed in cases brought under § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding IFP, it may do so only upon a showing of exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the

individual to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.*

Plaintiff has now filed five motions seeking the appointment of counsel. *See* Dkts. 24, 27, 35, 37, 58. In the current motion, as in those filed previously, Plaintiff asserts his belief that his claims are complex and meritorious, states that his imprisonment will greatly limit his ability to litigate, notes that he has limited access to the law library and limited knowledge of the law, and describes his extensive, but unsuccessful efforts to obtain counsel. Dkt. 58. Plaintiff also again asserts that the United States Attorney's Office has initiated an investigation of a claim of violations of the Americans With Disabilities Act at Mason County Jail, and states that this serves as an extenuating circumstance warranting the appointment of counsel in his case. *Id.*

The Court, however, finds no change in circumstances warranting the appointment of counsel. Plaintiff's request remains premature given that a number of the named Defendants only recently appeared in this matter, *see* Dkts. 56-57, 62, while still others have yet to appear. The Court further, having now denied Plaintiff's motion seeking preliminary injunctive relief, *see* Dkts. 47-48, and recently recommended granting a motion for partial judgment on the pleadings, and having reviewed a number of other filings, finds that Plaintiff fails to show either a likelihood of success on the merits or his inability to articulate his claims *pro se*. The Court also notes that Plaintiff was previously directed to refrain from renewing his request for the appointment of counsel until this matter was sufficiently developed. *See* Dkt. 39 at 3.

The Court, in sum, concludes that Plaintiff has not demonstrated his case involves exceptional circumstances warranting the appointment of counsel. Accordingly, Plaintiff's fifth Motion for Appointment of Counsel, Dkt. 58, is DENIED. **Plaintiff is advised to refrain from filing any additional motion requesting the appointment of counsel**.

ORDER RE: FIFTH MOTION TO APPOINT
COUNSEL - 2

(2)     The Clerk is directed to send copies of this Order to the parties and to the Honorable James L. Robart.

Dated this 16th day of May, 2024.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: FIFTH MOTION TO APPOINT
COUNSEL - 3