UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON J. RUBIO, | CASE NO. C23-5435JLR-SKV |
| Plaintiff, | ORDER |
| v. | |
| MASON COUNTY, et al., | |
| Defendant. | |

Before the court is Plaintiff Brandon J. Rubio's second motion for reconsideration, which the court liberally construes as a motion for relief from judgment. (2d Mot. (Dkt. # 115).) Having considered Mr. Rubio's motion, the record in this case, and the applicable law, the court DENIES the motion.[1]

---

[1] The court detailed the factual and procedural background of this case in its January 29, 2025 order and does not repeat that background here except as is relevant. (*See* 1/29/25 Order (Dkt. # 109).) The court refers to the defined terms in its prior order. (*See generally id.*)

ORDER - 1

1   Under Federal Rule of Civil Procedure 59(e), upon a motion filed within 28 days
2   of an appealable order or judgment, a litigant may request that the court reconsider or
3   amend its order or judgment.  *See* Fed. R. Civ. P. 59(e).  "Motions for reconsideration are
4   disfavored[,]" and the court "will ordinarily deny such motions in the absence of a
5   showing of manifest error in the prior ruling or a showing of new facts or legal authority
6   which could not have been brought to its attention earlier with reasonable diligence."
7   Local Rules W.D. Wash. LCR 7(h)(1); *see also id.* LCR 7(h)(2) (requiring the motion to
8   "point out with specificity the matters which the movant believes were overlooked or
9   misapprehended by the court" and "any new matters being brought to the court's
10  attention for the first time").

11  After the 28-day period elapses, Rule 60(b) "allows a party to seek relief from a
12  final judgment, and request reopening of his case, under a limited set of
13  circumstances[.]"  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  These circumstances
14  are:  (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered
15  evidence; (3) "fraud . . ., misrepresentation, or other misconduct by an opposing party";
16  (4) a void judgment; (5) "the judgment has been satisfied, released, or discharged"; and
17  (6) "any other reason justifying relief."  Fed. R. Civ. P. 60(b).  "A motion under Rule
18  60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more
19  than a year after the entry of the judgment[.]"  Fed. R. Civ. P. 60(c)(1).

20  On June 10, 2024, the court dismissed all counts against the Mason County
21  Defendants except those concerning Mr. Rubio's bunk assignment, law library and
22  writing instrument access, segregation from other detainees and inmates, and minor

1    infractions. (6/10/24 Order (Dkt. # 73) at 2.) In November 2024, the Mason County

2    Defendants moved for summary judgment on Mr. Rubio's remaining claims (Mason MSJ

3    (Dkt. # 96)), and the HDS Defendants moved for summary judgment on all of Mr.

4    Rubio's claims (HDS MSJ (Dkt. # 101)). Mr. Rubio did not respond to either motion.

5    (*See generally* Dkt.) After discussing in detail the evidence in the record and Mr.

6    Rubio's allegations and claims, the court concluded that no reasonable jury could find in

7    favor of Mr. Rubio on his claims and granted summary judgment in favor of the Mason

8    County Defendants and the HDS Defendants. (1/29/25 Order (Dkt. # 109).) The court

9    entered judgment that same day. (Judgment (Dkt. # 110).)

10          On May 21, 2025, Mr. Rubio filed his first motion for reconsideration. (1st Mot.

11   (Dkt. # 111).) On June 3, 2025, in pertinent part, the court denied the motion, observing

12   that Mr. Rubio did not discuss any relevant evidence in the record or otherwise argue that

13   the HDS Defendants and the Mason County Defendants were not entitled to summary

14   judgment, and that Mr. Rubio neither pointed the court to any manifest error in its prior

15   ruling nor identified any relevant new facts or authority that could not have been brought

16   to the court's attention earlier.[2] (*See* 6/3/25 Order (Dkt. # 113) at 2-4 (citing 1st Mot).)

17   The court also observed that Mr. Rubio improperly sought to raise additional allegations

18   against unspecified individuals who he asserted frustrated his efforts to litigate his case

19   *pro se*. (*Id.* at 3 (citing 1st Mot. at 3-4).)

---

[2] The court, however, granted in part Mr. Rubio's request for copies of documents filed in this action. (*See* 6/3/25 Order at 5.)

ORDER - 3

1    On July 11, 2025, Mr. Rubio filed his second motion for relief from judgment. (2d Mot.) Mr. Rubio, however, again does not point the court to any newly discovered evidence, fraud, or other reason justifying relief from judgment. (*See generally id.*) Instead, Mr. Rubio seeks to add a new claim based upon an excessive use of force theory (*id.* at 5-7); seeks to add new allegations that the Mason County Defendants impeded his ability to litigate his case *pro se* (*id.* at 10-11); and reiterates his prior allegations and arguments that the HDS Defendants violated the Eighth Amendment by failing to prescribe him the medications he desires (*id.* at 7-8). Because Mr. Rubio's second motion fails to satisfy the standards for obtaining relief from judgment under Rule 60(b), the court denies the motion. The court further advises Mr. Rubio that this closed case is an improper vehicle for Mr. Rubio to attempt to litigate any new allegations.

   For the foregoing reasons, the court DENIES Mr. Rubio's second motion for relief from judgment (Dkt. # 115).

   Dated this 15th day of July, 2025.

                                          JAMES L. ROBART
                                          United States District Judge